IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10471
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DWIGHT LAMAR SANDERS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-92-A

_____

February 28, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:*

    Dwight Lamar Sanders appeals from his conviction for being a felon in possession of a firearm. Sanders contends that the prosecutor failed to personally review the personnel files of police witnesses; that the destruction of a key in his case violated due process; that he was coerced into possessing a weapon

_____

    * Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

because state law allowed him to do so; that 18 U.S.C. § 922(g)(1) violates the Commerce Clause; that the district court improperly took from the jury the issue whether Sanders's possession of a firearm affected interstate commerce; and that the district court failed to make factual findings regarding whether U.S.S.G. § 4B1.4 is unconstitutional.

Sanders has failed to demonstrate error regarding whether the prosecutor personally inspected the personnel files; the prosecutor is under no duty to personally inspect such files. *See United States v. Marrero*, 904 F.2d 251, 261 (5th Cir.), *cert. denied*, 498 U.S. 1000 (1990). Sanders has failed to demonstrate plain error regarding whether the Government failed to provide him with the personnel files; his assertion that they might have assisted him is speculative and he admits that the probability is low that the files would yield evidence that would have damaged the credibility of the police officers.

Sanders raised his contention regarding the key for the first time in his motion for a new trial; that motion was denied for lack of jurisdiction as untimely. Sanders does not brief whether that denial was erroneous; he has failed to brief the relevant issue for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Sanders's contention that state law allowed him to possess a firearm is unconvincing. Texas's firearm laws do not implicate the

federal felon-in-possession statute. *United States v. Thomas*, 991 F.2d 206, 214-15 (5th Cir.), *cert. denied*, 510 U.S. 1014 (1993).

Sanders contends that the felon-in-possession statute violates the Commerce Clause because there is no rational basis for Congress's finding that possession of a firearm affects interstate commerce sufficiently for the activity to be penalized. The law in this circuit is clear that 18 U.S.C. § 922(g)(1) does not violate the Commerce Clause. *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996). Sanders concedes that the law forcloses his position, but requests that this court overrule *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996). He also states that he would like to have this court reconsider *Rawls en banc*. One panel of this court cannot overrule another panel, *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir.), *cert. denied*, 502 U.S. 883 (1991), and Sanders does not comply with the requirements for seeking initial determination of his appeal *en banc*. *See* FED. R. APP. P. 35(b).

Sanders next contends that the district court improperly removed from the jury the question whether his possession of a firearm affected interstate commerce. Sanders's contention is unavailing. The district court gave the jury the following instruction:

> If you have found that the defendant possessed the firearm in question, you may find that such firearm was in or affecting interstate commerce if you find that it had traveled, at some time, from one state to another, prior to the defendant's possession of the firearm.

3

A criminal defendant enjoys the right to have a jury determine his guilt of every element of his crime beyond a reasonable doubt. *United States v. Gaudin*, 115 S. Ct. 2310, 2320 (1995). The district court's interstate-commerce instruction allowed the jury to find the interstate commerce nexus satisfied if it found that Sanders's firearm had traveled in interstate commerce; the instruction did not require the jury to do so. The instruction did not remove the issue from the jury's consideration. *Cf. United States v. Gaudin*, 115 S. Ct. 2310, 2320 (1995).

Finally, FED. R. CRIM. P. 32 does not require district courts to make factual findings on purely legal issues.

AFFIRMED.